# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MICHAEL BASSETT, | ) |
| Plaintiff, | ) |
| | ) No. 09 C 0301 |
| v. | ) |
| I.C. SYSTEM, INC., | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

On January 21, 2009, Plaintiff Michael Bassett ("Bassett") filed a three-count First Amended Complaint against Defendant I.C. System, Inc. ("I.C. System") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.,* as well as state law claims related to his FDCPA claim. Before the Court is I.C. System's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c). For the following reasons, the Court grants in part and denies in part I.C. System's motion. Specifically, Bassett's only remaining claim is based on 15 U.S.C. § 1692d(5). The Court also grants I.C. System's motion as to Bassett's emotional distress damages.

## BACKGROUND

**I.    Northern District of Illinois Local Rule 56.1**

When determining summary judgment motions, the Court derives the background facts from the parties' Local Rule 56.1 statements. Specifically, Local Rule 56.1 assists the Court by "organizing the evidence, identifying undisputed facts, and demonstrating precisely how each side propose[s] to prove a disputed fact with admissible evidence." *Bordelon v. Chicago Sch.*

*Reform Bd. of Trs.*, 233 F.3d 524, 527 (7th Cir. 2000). Local Rule 56.1(a)(3) requires the moving party to provide "a statement of material facts as to which the moving party contends there is no genuine issue." *Cracco v. Vitran Exp., Inc.,* 559 F.3d 625, 632 (7th Cir. 2009). "The opposing party is required to file 'a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." *Id.* (citing N.D. Ill. R. 56.1(b)(3)(B)). Also, Local Rule 56.1(b)(3)(C) requires the nonmoving party to present a separate statement of additional facts that require the denial of summary judgment. *See Ciomber v. Cooperative Plus, Inc.,* 527 F.3d 635, 643-44 (7th Cir. 2008).

The purpose of Rule 56.1 statements is to identify the relevant admissible evidence supporting the material facts, not to make factual or legal arguments. *See Cady v. Sheahan,* 467 F.3d 1057, 1060 (7th Cir. 2006). Moreover, the requirements for responses under Local Rule 56.1 are "not satisfied by evasive denials that do not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. In addition, the Court may disregard statements and responses that do not properly cite to the record. *See Cichon v. Exelon Generation Co., L.L.C.,* 401 F.3d 803, 809-10 (7th Cir. 2005); *see also Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006) ("district courts are entitled to expect strict compliance with Local Rule 56.1"). Finally, district courts may only consider admissible evidence in assessing summary judgment motions. *See Gunville v. Walker,* 583 F.3d 979, 985 (7th Cir. 2009). With these standards in mind, the Court turns to the relevant facts of this case.

## II. Relevant Facts

Bassett resides at 2 Goose Creek Drive, Bloomington, Illinois. (R. 42-1, Def.'s Rule 56.1 Stmt. Facts ¶ 1.) I.C. System is a debt collection company with its principal office located in St. Paul, Minnesota. (*Id*. ¶ 2.) On October 12, 2008, I.C. System called Bassett to collect on a debt that Bassett owed. (*Id*. ¶ 6.) After the October 12, 2008 telephone call, I.C. System received a check from Bassett dated November 1, 2008 in the amount of $25.00 as a partial payment on the debt. (*Id*. ¶ 8.) Thereafter, I.C. System did not receive another check from Bassett. (*Id*. ¶ 9.) On December 16, 2008, I.C. System called Bassett at 10:30 a.m. and Basset told I.C. System to call him back. (*Id*. ¶¶ 10-12.) I.C. System did not speak to Bassett again on December 16, 2008. (*Id*. ¶ 13.)

The next day, December 17, 2008, I.C. System called Bassett about his debt at 9:15 a.m. and Bassett explained that he could not make a payment. (*Id*. ¶¶ 14, 15.) During this telephone call and another one later that morning, Bassett threatened I.C. System's representatives. (*Id*. ¶¶ 16, 17, 19.) At 4:00 p.m. on December 17, 2008, Basset called I.C. System again and threatened to call a lawyer and have the I.C. System associate fired. (*Id*. ¶¶ 20, 21.)

On December 18, 2008, I.C. System attempted to reach Bassett multiple times to collect the debt. (*Id*. ¶ 24.) At that time, I.C. System did not leave a voice mail for Bassett. (*Id*. ¶ 27.) Bassett contends that he called I.C. System on December 18, 2008 to inform I.C. System that his financial situation had not improved and that he suffered from bipolar and post-traumatic stress disorders. (R. 49-1, Pl.'s Rule 56.1 Stmt. Facts ¶ 96.) I.C. System maintains that the telephone conversation of December 18, 2008 did not happen.

After December 18, 2008, Bassett "blocked" his incoming telephone calls, meaning Bassett's telephone would not ring, but the time, date, and caller's phone number would be displayed. (Def.'s Stmt. Facts ¶¶ 31, 32.) On December 19, 2008, Bassett contacted attorneys to represent him. (*Id.* ¶¶ 39, 40.) At no point during the relevant time period did Bassett request in writing that I.C. System stop calling him either before or after he retained counsel. (*Id.* ¶¶ 22, 51.) Also, prior to the filing of the present lawsuit on January 16, 2009, I.C. System did not know that Bassett was represented by counsel. (*Id.* ¶ 49.) Meanwhile, it is undisputed that between January 3, 2009 and January 16, 2009, I.C. System placed thirty-one telephone calls to Bassett. (Pl.'s Stmt. Facts ¶ 81.)

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c)(2). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). In determining summary judgment motions, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 127 S.Ct. 1769, 1776, 167 L.Ed.2d 686 (2007). The party seeking summary judgment has the burden of establishing the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'"

4

*Anderson*, 477 U.S. at 255 (quotation omitted); *see also* Fed.R.Civ.P. 56(e)(2) (requiring adverse party to "set out specific facts"). In deciding a motion for summary judgment, district courts may not "assess the credibility of witnesses, choose between competing reasonable inferences, or balance the relative weight of conflicting evidence." *Stokes v. Board of Educ. of the City of Chicago,* 599 F.3d 617, 619 (7th Cir. 2010).

## ANALYSIS

**I.     FDCPA Claims – Count I**

"Congress enacted the FDCPA in 1977, 91 Stat. 874, to eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA,* 130 S.Ct. 1605, 1608 (2010) (citing 15 U.S.C. § 1692(e)); *see also Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998) ("the FDCPA is designed to protect consumers from the unscrupulous antics of debt collectors, irrespective of whether a valid debt actually exists"). "The Act regulates interactions between consumer debtors and 'debt collector[s],' defined to include any person who 'regularly collects ... debts owed or due or asserted to be owed or due another.'" *Id.* (citing 15 U.S.C. §§ 1692a(5),(6)). "Among other things, the Act prohibits debt collectors from making false representations as to a debt's character, amount, or legal status, § 1692e(2)(A); communicating with consumers at an 'unusual time or place' likely to be inconvenient to the consumer, § 1692c(a)(1); or using obscene or profane language or violence or the threat thereof, §§ 1692d(1),(2)." *Id.* at 1608-09. Moreover, Section 1692d provides that "a debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Horkey v. J.V.D.B. & Assoc., Inc.,* 333 F.3d 769, 773 (7th Cir. 2003).

  **A.**  **Section 1692d(2) Claim**

  Bassett first argues that I.C. System violated the FDCPA because its collectors used language in violation of Section 1692d(2), which specifically proscribes "[t]he use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader." *See Horkey,* 333 F.3d at 773 (quoting 15 U.S.C. § 1692d(2)). Section 1692d(2) is "meant to deter offensive language which is at least akin to profanity or obscenity, and such offensive language might encompass name-calling, racial or ethnic slurs, and other derogatory remarks." *Jeter v. Credit Bureau, Inc.,* 760 F.2d 1168, 1178 (11th Cir. 1985); *see also Majeski v. I.C. Sys., Inc.,* No. 08 C 5583, 2010 WL 145861, at *4 (N.D. Ill. Jan. 8, 2010) ("Yelling and rude language, while disrespectful, does not by itself violate § 1692d.").

  In his response brief, Bassett quotes what appears to be his deposition testimony concerning an I.C. System's debt collector calling him a loser and a disgrace to his country. These facts, however, are not in either Bassett's nor I.C. System's Local Rule 56.1 Statements. Courts in this district expect strict compliance with Local Rule 56.1 and the Court will not scour the record looking for evidence to help Bassett defeat I.C. System's summary judgment motion, especially because Bassett is represented by counsel. *See Cracco,* 559 F.3d at 632.

  That being said, Bassett presents evidence in his Rule 56.1 Statement that on one occasion during a telephone call, a debt collector called him a liar, laughed at him, and accused him of trying to make excuses to get out of paying his debt. (Pl.'s Stmt. Facts ¶ 82.) Assuming this statement is true, Bassett has not established that a genuine issue of material fact exists

6

because – although this language is rude – it does not rise to the level of a violation under Section 1692d(2). *See Majeski*, 2010 WL 145861, at *4; *see also Guajardo v. G.C. Servs, LP,* No. H-08-119, 2009 WL 3715603, at *3 (S.D. Tex. Nov. 3, 2009) (calling debtor a liar, saying "I can tell the kind of life you live by the fact that you don't pay your bills on time," and demanding payment in 24 hours or else did not rise to the level of abuse or harassment as a matter of law); *Montgomery v. Florida First Fin. Group, Inc.*, No. 06 CV 1639, 2008 WL 3540374, at *6 (M.D. Fla. Aug. 12, 2008) (calling debtor a liar does not violate Section 1692d(2)); *Thomas v. LDG Fin. Servs., LLC,* 463 F.Supp.2d 1370, 1373 (N.D. Ga. 2006) (debt collector yelling and hanging up on debtor not actionable under Section 1692d(2)). Moreover, Bassett does not present evidence in his Rule 56.1 Statement that he believed that this telephone call was abusive or meant to harass him or that I.C. System's intention was to abuse or harass him. *See Horkey,* 333 F.3d at 774 (determinative inquiry is whether the natural consequence of the language was to abuse the hearer); *see, e.g., Frye v. Bowman, Heintz, Boscia, Vician, P.C.,* 193 F.Supp.2d 1070, 1082-83 (S.D. Ind. 2002) (Tinder, J.). Accordingly, construing the evidence and all reasonable inferences in Bassett's favor, Bassett has failed to raise a genuine issue of material fact for trial concerning his Section 1692d(2) claim. The Court therefore grants I.C. System's summary judgment motion on this claim.

  **B.**  **Section 1692d(5) Claim**

Next, Bassett argues that I.C. System violated Section 1692d(5) because I.C. System made thirty-one collection calls over a twelve day period from January 3, 2009 until January 15, 2009. Section 1692d(5) prohibits a debt collector from causing a telephone to ring continuously with the intent to annoy, abuse, or harass. *See Jerman,* 130 S.Ct. at 1619. Under this section,

7

"[a]ctionable harassment or annoyance turns on the volume and pattern of calls made, irrespective of the substance of the messages." *Majeski*, 2010 WL 145861, at *3; *see also Joseph v. J.J. MacIntyre Co., L.L.C.,* 238 F.Supp.2d 1158, 1168 (N.D. Cal. 2002) ("Whether there is actionable harassment or annoyance turns not only on the volume of calls made, but also on the pattern of calls.").

I.C. System does not refute the fact that it made thirty-one telephone calls over a twelve day period. Instead, I.C. System argues that because Bassett turned off his telephone ringer by blocking his incoming calls, Bassett's telephone did not "ring repeatedly and continuously" as prohibited by Section 1692d(5). I.C. System's argument – which is not based on any legal authority – is without merit, especially because Bassett testified that he felt abused by receiving these missed calls. (Pl.'s Stmt. Facts ¶ 85.)[1] Because it is undisputed that I.C. System called Bassett thirty-one times over a twelve day period, Bassett has presented sufficient evidence raising a genuine issue of material fact that I.C. System violated Section 1692d(5) of the FDCPA. *See Majeski,* 2010 WL 145861, at *3 ("the reasonableness of the volume and pattern of telephone calls is a question of fact best left to a jury."); *see also Akalwadi v. Risk Mgmt. Alternatives, Inc.*, 336 F.Supp.2d 492, 505 (D. Md. 2004) (same). The Court therefore denies I.C. System's summary judgment motion as to Bassett's Section 1692d(5) claim.

---

[1] I.C. System's response to Plaintiff's Rule 56.1 Statement ¶ 85 did not refute the fact that Bassett felt abused because it "did not fairly meet the substance of the material facts asserted." *Bordelon,* 233 F.3d at 528. Instead, I.C. System's response simply pointed to alleged inconsistencies in Bassett's behavior during this general time period.

## C. Section 1692e(5) Claim

Bassett also asserts that I.C. System violated Section 1692e(5) of the FDCPA, which prohibits debt collectors from making any "threat to take action that cannot legally be taken or that is not intended to be taken." *See Ruth v. Triumph P'ships,* 577 F.3d 790, 797-98 (7th Cir. 2009) (quoting 15 U.S.C. § 1692e(5)). In support of his Section 1692e(5) claim, Bassett argues that although he alleged in his First Amended Complaint that I.C. System threatened to send him to prison if he did not pay his debt, I.C. System did not depose him as to this allegation and did not offer any refutation in response. As such, Bassett contends that there is a genuine issue of material fact concerning his Section 1692e(5) claim.

Bassett's argument is unavailing because when a nonmoving party bears the burden of proof on a particular issue at summary judgment, he cannot rely on the pleadings, but must affirmatively demonstrate a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 323 ("we find no express or implied requirement in Rule 56 that the moving party support its motion with affidavits or other similar materials *negating* the opponent's claim") (emphasis in original); *see also Keri v. Bd. of Trs. of Purdue Univ.,* 458 F.3d 620, 651 (7th Cir. 2006) (citing Fed.R.Civ.P. 56(e)) ("Plaintiff may not rely *only* on the bare assertions of his pleadings.") (emphasis in original). Because Bassett has failed to set forth any evidence to support this bare allegation, he has failed to raise an issue of fact for trial. Thus, the Court grants I.C. System's summary judgment motion as to Bassett's Section 1692e(5) claim.

## D. Section 1692e(10) Claim

Next, Bassett maintains that I.C. System violated Section 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt

9

or to obtain any information concerning a consumer." *Ruth,* 577 F.3d at 798 (quoting 15 U.S.C. § 1692e(10)). In particular, Bassett argues that he informed I.C. System about his post-traumatic stress and bipolar disorders and that when he is subjected to an environment in which he feels abused or harassed, his bipolar disorder is provoked. Bassett also asserts that he informed I.C. System that he felt that he was being pushed too far. In addition, Bassett relies on the telephone conversation where he was called a liar, laughed at, and accused of trying to make excuses to get out of paying his debt. I.C. System denies that these facts occurred.

Assuming these allegations are true, Bassett has failed to present sufficient evidence creating a genuine issue of material fact for trial that I.C. System used "any false representation or deceptive means to collect or attempt to collect any debt" under the unsophisticated debtor standard. *See Petit v. Retrieval Masters Creditors Bureau,* 211 F.3d 1057, 1060 (7th Cir. 2000) (courts view practices that allegedly violate the FDCPA from the objective standard of the "unsophisticated debtor"). To clarify, despite Bassett's arguments that courts in this district evaluate FDCPA claims through the "least sophisticated consumer standard," the Seventh Circuit has made clear that "[w]hen assessing a FDCPA claim, we view the claim through the eyes of an 'unsophisticated debtor.'" *McMillan v. Collection Prof'l Inc.,* 455 F.3d 754, 758 (7th Cir. 2006); *Durkin v. Equifax Check Servs., Inc.,* 406 F.3d 410, 423 (7th Cir. 2005) ("we have rejected the 'least sophisticated consumer' approach") (citation omitted). The unsophisticated debtor "is not as learned in commercial matters as are federal judges," but he is not completely ignorant. *See Pettit,* 211 F.34d at 1060. Put differently, "unsophisticated debtor is uninformed, naive, [and] trusting but is also assumed to possess rudimentary knowledge about the financial world and is

capable of making basic logical deductions and inferences." *Ruth,* 577 F.3d at 801 n.5 (citations and internal quotations omitted).

The Court thus turns to whether an unsophisticated debtor would conclude that I.C. System's statements were false representations or deceptive means in which to collect Bassett's debt. *See id*. at 800; *Wahl v. Midland Credit Mgmt., Inc.,* 556 F.3d 643, 645-46 (7th Cir. 2009). Although being called a liar, laughed at, and accused of trying to make excuses to get out of paying a debt is rude conduct, the Court would be hard-pressed to conclude that I.C. System's statements about Bassett's character constituted an attempt to use a "false, deceptive, or misleading representation" to collect the outstanding debt in the eyes of an unsophisticated debtor. *See Wahl*, 556 F.3d at 645-46 ("If a statement would not mislead the unsophisticated consumer, it does not violate the FDCPA – even if it is false in some technical sense"). Meanwhile, whether I.C. System knew about Bassett's disorders does not raise an inference that I.C. System's conduct was somehow misleading or deceptive. *See Singer v. Raemisch,* 593 F.3d 529, 533 (7th Cir. 2010) (at summary judgment courts are not required to make unreasonable inferences or draw inferences based only on conjecture). Because Bassett has failed to raise a genuine issue of material fact for trial that I.C. System's conduct was false, misleading, or deceptive, the Court grants I.C. System's motion for summary judgment as to Bassett's Section 1692e(10) claim.

E.  **Emotional Distress Damages**

In its summary judgment motion, I.C. System also argues that Bassett cannot recover actual damages based on his emotional distress because he only presents his "own self-serving

testimony" to create a genuine issue of material fact for trial.[2] To clarify, the FDCPA permits "injured consumers to recover actual damages, costs, fees, and modest statutory damages for 'intentional' conduct, including violations resulting from a mistaken interpretation of the FDCPA." *Jerman,* 130 S.Ct. 1612; *McKinney v. Cadleway Prop., Inc.,* 548 F.3d 496, 500 (7th Cir. 2008) ("Consumers may sue to enforce the Act's provisions and, if successful, recover actual damages, statutory damages, and attorney's fees and costs."). A party seeking emotional damages must provide a reasonably detailed explanation of the injuries suffered. *See Sarver v. Experian Info. Solutions,* 390 F.3d 969, 971 (7th Cir. 2004); *Denius v. Dunlap,* 330 F.3d 919, 929 (7th Cir. 2003). As the Seventh Circuit teaches, when "the injured party's own testimony is the only proof of emotional damages, he must explain the circumstances of his injury in reasonable detail; he cannot rely on mere conclusory statements." *Dunlop,* 333 F.3d at 929; *see also Ruffin-Thompkins v. Experian Info. Solutions, Inc.,* 422 F.3d 603, 610-11 (7th Cir. 2005) (same). Thus, courts have held that "bare allegations by a plaintiff that the defendant's conduct made him 'depressed,' 'humiliated,' or the like are not sufficient to establish injury unless the facts underlying the case are so inherently degrading that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Denius,* 330 F.3d at 929 (citations omitted).

As discussed above, the only FDCPA claim that survives summary judgment is Bassett's claim pursuant to Section 1692d(5) premised on I.C. System making thirty-one collection calls over a twelve day period. In support of his argument for emotional damages relating to this

---

[2] It is undisputed that the only actual damages Bassett seeks are based on his emotional distress. (Def.'s Stmt. Facts ¶¶ 47, 48.)

claim, Bassett sets forth his own deposition testimony that when he is subjected to an environment where he feels abused or harassed, his bipolar disorder is provoked. Bassett also maintains that I.C. System was aware of his disorders and that no other outside factor contributed to the agitation of his bipolar disorder except his contact with I.C. System. Bassett further asserts that he called a Veteran Affairs health nurse to inquire about increasing his medication during the relevant time period. In addition, Bassett testified that he was ashamed of his disorders and did not tell his psychiatrist about his experiences with I.C. System.

Assuming these facts as true, Bassett has failed to present evidence supporting a genuine issue of material fact for trial regarding his emotional distress damages because his conclusory statements fail to contain sufficient detail to overcome the Seventh Circuit's strict standard in proving emotional damages. *See Sarver,* 390 F.3d at 971 (Seventh Circuit has "maintained a strict standard for a finding of emotional damage because they are so easy to manufacture.") (quotation omitted). Specifically, Bassett does not explain what the VA health nurse told him and admits that he did not tell his psychiatrist about I.C. System's calls. Also, Bassett's argument that no other outside factor contributed to the agitation of his bipolar disorder except his contact with I.C. System is belied by the fact that he had a similar lawsuit before the Court against another debt collector in which he sought emotional distress damages based on telephone calls occurring during the same time period. (*See* 09 C 0762*, Bassett v. ER Solutions, Inc.*) These facts, along with Bassett's shame of his disorders, do not create a genuine issue of material fact for trial, especially because the facts underlying this case are not so inherently degrading as a matter of law "that it would be reasonable to infer that a person would suffer emotional distress from the defendant's action." *Denius,* 330 F.3d at 929-30. Moreover,

13

although Bassett presents evidence in his Rule 56.1 Statement that he felt pushed and severely bothered, he does not set forth any evidence of sleeplessness, nervousness, chest pains, feelings of guilt and pessimism, weight problems, or headaches as alleged in his First Amended Complaint. (*See* R. 6-1, First Am. Compl., Ex. B.) Without more details, Bassett has failed to present sufficient evidence supporting his claim for emotional damages. *See Ruffin-Thompkins,* 422 F.3d at 610.

F.      **Bona Fide Error Defense**

Next, I.C. System argues that it cannot be held liable for any alleged FDCPA violations under the bona fide error defense pursuant to 15 U.S.C. § 1692k(c). Indeed, FDCPA contains two exceptions to provisions imposing liability on debt collectors, including Section 1692k(c), which provides that "[a] debt collector may not be held liable in any action brought under [the FDCPA] if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error." *Jerman,* 130 S.Ct. at 1609 (quoting 15 U.S.C. § 1692k(c)). In *Jerman*, the Supreme Court held that the bona fide error defense does not apply to a mistake of law, namely, a violation of the FDCPA that results from the debt collector's mistaken interpretation of the FDCPA. *See id*. at 1612-14. In other words, a debt collector's conduct may be intentional even if he lacked the actual knowledge that his conduct violated the FDCPA. *See id*. at 1612. As such, the bona fide error defense under Section 1692k(c) only applies to procedural or clerical errors. *See id*. at 1616.

Bassett's only remaining FDCPA claim is pursuant to Section 1692d(5) in which I.C. System admits that it made thirty-one collection calls to Bassett over a twelve day time period.

In connection with this claim, I.C. System does not argue that it committed a procedural or clerical error. Instead, I.C. System makes its argument under the pre-*Jerman* paradigm and explains that it had procedures and policies in place to avoid any such errors. *See Ruth,* 577 F.3d at 804; *Seeger v. AFNI, Inc.,* 548 F.3d 1107, 1114 (7th Cir. 2008). Because I.C. System admits that it made thirty-one collection calls, its defense is not based on a clerical or procedural error. The Court thereby denies I.C. System's motion based on the bona fide error defense. *See Jerman,* 130 S.Ct. at 1612-14.

## II. Illinois Unreasonable Intrusion on Seclusion Claim – Count II

In Count II of his First Amended Complaint, Bassett alleges that I.C. System is liable under the Illinois tort of unreasonable intrusion upon seclusion. Although the Supreme Court of Illinois has never explicitly recognized this cause of action, the Illinois Appellate Court, First District, as well as the other Illinois appellate districts, have recognized this tort. *See Schmidt v. Ameritech,* 329 Ill.App.3d 1020, 1030, 263 Ill.Dec. 543, 768 N.E.2d 303 (Ill. 2002); *see also Burns v. Masterbrand Cabinets, Inc.,* 369 Ill.App.3d 1006, 1010, 314 Ill.Dec. 162, 874 N.E.2d 72 (Ill. 2007). The "core of the tort of intrusion upon seclusion is the offensive prying into the private domain of another." *Benitez v. KFC Nat'l Mgmt. Co.,* 305 Ill.App.3d 1027, 1033, 239 Ill.Dec. 705, 714 N.E.2d 1002 (Ill. 1999). "Examples of actionable intrusion upon seclusion would include invading someone's home, illegally searching someone's shopping bag in a store, eavesdropping by wiretapping, peering into the windows of a private home, or making persistent and unwanted telephone calls." *Id.* The elements of the tort of unreasonable intrusion of seclusion, include: "(1) the defendant committed an unauthorized intrusion or prying into the plaintiff's seclusion; (2) the intrusion would be highly offensive or objectionable to a reasonable

person; (3) the matter intruded on was private; and (4) the intrusion caused the plaintiff anguish and suffering." *Busse v. Motorola, Inc.,* 351 Ill.App.3d 67, 71, 286 Ill.Dec.320, 813 N.E.2d 1013 (Ill. 2004); *see also Horgan v. Simmons,* ___ F.Supp.2d ___ 2010 WL 1434317, at *5 (N.D. Ill. Apr. 12, 2010).

Here, Bassett has failed to raise a genuine issue of material fact for trial that I.C. System's telephone calls to him were unauthorized as required under the first element of an unreasonable intrusion upon seclusion claim. *See Browning v. AT & T Corp.,* 682 F.Supp.2d 832, 835 (N.D. Ill. 2009). The undisputed facts reveal that Bassett owed the debt that I.C. System was trying to collect and that neither Bassett nor his attorneys told I.C. System to stop calling him. *See* 15 U.S.C. § 1692c(c) ("If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt"); *see also Ramirez v. Apex Fin. Mgmt., LLC,* 567 F.Supp.2d 1035, 1040 (N.D. Ill. 2008). Moreover, prior to filing the present lawsuit on January 16, 2009, I.C. System did not know Bassett was represented by counsel. *See* 15 U.S.C. § 1692c(a)(2); *see also Evory v. RJM Acquisitions Funding, L.L.C.,* 505 F.3d 769, 773 (7th Cir. 2007) ("if the debt collector knows that the consumer is represented by a lawyer, then (with immaterial exceptions) he may not communicate with the consumer directly"). Because it is undisputed that I.C. System's telephone calls were authorized, the Court grants I.C. System's summary judgment motion as to Bassett's unreasonable intrusion on seclusion claim as alleged in Count II of the First Amended Complaint.

16

**III. Illinois Intentional Infliction of Emotional Distress Claim – Count III**

Finally, Bassett fails to make any legal arguments in support of his Illinois intentional infliction of emotion distress claim as alleged in Count III of his First Amended Complaint. As such, Basset has waived this claim. *See Gayton v. McCoy,* 593 F.3d 610, 625 (7th Cir. 2010) (plaintiff's failure to develop argument constitutes waiver); *Steen v. Myers,* 486 F.3d 1017, 1020 (7th Cir. 2007) (absence of discussion in briefs amounts to abandonment of claim). Therefore, the Court grants I.C. System's summary judgment motion as to Count III of the First Amended Complaint.

**CONCLUSION**

For these reasons, the Court grants in part and denies in part Defendant I.C. System's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c).

**Dated:** June 1, 2010

            **ENTERED**

            */s/ Amy J. St. Eve*
            **AMY J. ST. EVE**
            **United States District Judge**